NOT DESIGNATED FOR PUBLICATION

No. 123,373

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
WILLIAM DOUGLAS NORTH.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed March 4, 2022.
Affirmed.

*Charles C. Lindberg*, of Allen & Associates Law, LLC, of Minneapolis, for appellant.

*Dwight R. Carswell*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL and GARDNER, JJ.

PER CURIAM: In a two-day bench trial, the Saline County District Court adjudged
William D. North to be a sexually violent predator and ordered his commitment for
treatment. North has appealed the ruling, essentially challenging the sufficiency of the
evidence. The trial pivoted on expert testimony as to whether North met the statutory
definition of a sexually violent predator. The State presented two psychologists who
testified he did, and North presented a psychologist who said he didn't. The district court
found the State's expert witnesses more credible in their conclusions. We cannot and do
not second-guess those credibility determinations. The expert opinions, along with the
rest of the evidence, furnished a sufficient legal basis for the district court's decision to
commit North under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 et seq.
We, therefore, affirm.

1

North was convicted of rape and aggravated criminal sodomy in 2001 and served about 13 years in prison. During his incarceration, North violated prison rules scores of times, but none involved sexually based misconduct. North was released on parole and reincarcerated numerous times, largely due to his uncontrolled substance abuse. While on release in May 2018, North was hospitalized and masturbated in front of hospital employees, resulting in his conviction for lewd and lascivious conduct.

The State initiated this commitment proceeding in September 2018. The district court conducted the trial two years later. In a commitment trial under the Act, the State must prove the subject: (1) has been convicted of or charged with a crime designated as a sexually violent offense; (2) has a mental abnormality or personality disorder; (3) is likely to commit an act of sexual violence because of that abnormality or disorder; and (4) displays serious difficulty controlling his or her dangerous behavior. *In re Care & Treatment of Williams*, 292 Kan. 96, Syl. ¶ 3, 253 P.3d 327 (2011); see K.S.A. 2020 Supp. 59-29a02(a). And the State must do so beyond a reasonable doubt. K.S.A. 2020 Supp. 59-29a07(a). Everyone agrees North's 2001 convictions were for sexually violent offenses, satisfying one of the criteria.

As we indicated, the trial centered on the testimony of Dr. Mitchell Flesher and Dr. Bradford Sutherland, who appeared as the State's experts, and of Dr. Jerrod Steffan, who appeared as an expert for North. Each of the psychologists met with North and reviewed various documents about him. All three agreed North displayed an antisocial personality disorder, satisfying another of the criteria for commitment. They otherwise came to differing conclusions. Flesher and Sutherland found North to be a sexually violent predator—someone likely to engage in uncontrollable sexual violence in the future—based on his criminal history, his continuing drug and alcohol abuse, his chronic failure to abide by rules and regulations both in and out of prison, and other characteristics. They also relied on the results of actuarial instruments, including the Static-99R test, designed to predict the likelihood a sex offender will reoffend. Steffan

discounted those test results and submitted the lack of demonstrated sexual misconduct while North was in prison and his limited sexual misbehavior later failed to show that he was likely to reoffend by committing a sexually violent crime.

The district court found the testimony of Flesher and Sutherland more "persuasive" than the testimony of Steffen. Based on their testimony, weighed with the other trial evidence, the district court adjudicated North to be a sexually violent offender and committed him for treatment for an indeterminate time.

On appeal, we review a district court's commitment determination for sufficient evidence by examining the trial record in the best light for the State, as the prevailing party, and then asking whether a reasonable fact-finder could have concluded the statutory criteria were proved beyond a reasonable doubt. We do not reweigh the evidence generally or displace the district court's credibility findings in particular. *In re Williams*, 292 Kan. at 104; *In re Care & Treatment of Clements*, No. 122,108, 2020 WL 6685332, at *4 (Kan. App. 2020) (unpublished opinion).

Not to put too fine a point on it, the commitment trial turned on a quintessential battle of the experts that North lost in the district court. We are not in a position to reassess the district court's credibility findings determining the outcome of that fight or to otherwise independently remeasure the evidence. That's the end of the matter.

We address two arguments North offers on appeal to avert our affirming the district court. First, North contends the voluminous disciplinary records from his time in prison represent "the best evidence" that he is unlikely to commit another act of sexual violence, and he cites K.S.A. 60-467 as legal support for his contention. But North misappropriates what's known as the best evidence rule, codified in K.S.A. 60-467. The rule requires a party to produce an original document as "the best evidence" if the content or authenticity of a copy has been called into question. See *State v. Clark*, No. 117,951,

3

2019 WL 3210263, at *5 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 895 (2020). The rule has no application here; no one disputed the accuracy of the copies of the prison records. The argument otherwise simply represents another request for us to impermissibly reweigh the evidence, since the district court received and considered those records in reaching its conclusion.

Second, North attacks the actuarial tests Flesher and Sutherland considered in forming their opinion testimony as unreliable and built on an improper methodology to predict the future behavior of one person based on aggregated evidence of the behaviors of others who may be dissimilar in material ways. The argument more or less rehashes a trial debate between the State's experts, on the one hand, and Steffen, on the other. In that respect, it is yet another request for us to reweigh the evidence. In addition, the Kansas Supreme Court has held that such actuarily based instruments, specifically including the Static-99R, are scientifically reliable and would withstand a *Daubert* challenge to exclude them or expert testimony based on them in a commitment proceeding under the Act. *In re Care & Treatment of Cone*, 309 Kan. 321, 329-32, 435 P.3d 45 (2019) (applying *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 [1993]). Accordingly, the district court did not abuse its discretion in admitting and considering the expert opinions incorporating and relying, in part, on the test results for North.

Affirmed.

4